<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN MCKINNEY, | Civil Action No. 18-13028 (MAS) (LHG) |
| Plaintiff, | |
| v. | OPINION |
| PEREZ, et al., | |
| Defendants. | |

<u>**SHIPP, District Judge**</u>

Plaintiff Ivan McKinney filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Presently before the Court are two Motions for Default Judgment filed by Plaintiff against Defendant Elia Perez and Defendant Timothy Maines (collectively, "Defendants"). (Perez Mot., ECF No. 23; Maines Mot., ECF No. 24.) Defendants have not opposed the Motions. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. The Court has carefully considered Plaintiff's Motions and decides the matters without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court denies both Motions.

**I.     BACKGROUND**

In August 2018, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging constitutional violations against several individuals. (*See generally* Compl.) On May 15, 2019, the Court conducted its initial screening of the Complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. (Op., May 15, 2019, ECF No. 8.) The Court dismissed without prejudice all of Plaintiff's claims except for an excessive force claim against Defendant Perez and a First Amendment retaliation claim against Defendant Maines and a John Doe officer. (*Id.* at 4, 6–7.)

Summons were issued for Defendant Perez and Defendant Maines. (Perez Summons, ECF No. 12; Maines Summons, ECF No. 14.) The summons for Defendant Perez was returned as executed on November 27, 2019 and his answer to the Complaint was due on December 18, 2019. (Perez Executed Summons, ECF No. 18.) The Summons for Defendant Maines was returned as executed on January 23, 2020 and his answer to the Complaint was due on February 13, 2020. (Maines Executed Summons, ECF No. 22.) To date, neither Defendant has pled nor otherwise defended themselves, and no appearances have been made on their behalves.

After the time for each Defendant to file an answer had passed, Plaintiff requested the Clerk of the Court submit entries of default for both Defendants. (Pl.'s Correspondence, Dec. 20, 2019, ECF No. 19; Pl's Correspondence, Apr. 1, 2020, ECF No. 26.) The Clerk of the Court subsequently entered default judgment against both Defendants. (Perez Entry of Default, Jan. 8, 2020[1]; Maines Entry of Default, ECF No. 25.) Plaintiff then filed the instant Motions for Default Judgment pursuant to Federal Rule of Civil Procedure Rule 55(b)(2). (Perez Mot.; Maines Mot.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) allows a party to move the Court for an entry of default judgment. The moving party is not entitled to a default judgment, but rather a default judgment determination "is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Courts must accept as true all well-pleaded factual allegations in the complaint, except those related to the amount of damages. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). In addition, the complaint upon which default judgment is sought must contain "the essential elements of the pleaded claims . . . and state[ ] factual allegations in support

---

[1] No ECF number was associated with this action.

of these elements." *Animal Sci. Prods., Inc. v. China Nat'l Metals & Mins. Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008). Significantly, the Third Circuit "'does not favor entry of defaults or default judgments,' as it prefers adjudications on the merits." *Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003) (internal citation omitted) (quoting *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194 (3d Cir.1984)).

### III. ANALYSIS

#### A. Legitimate Cause of Action

Prior to entering a default judgment, the Court must determine whether "the unchallenged facts constitute a legitimate cause of action." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (quoting *DIRECTV, Inc. v. Asher*, Civ. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). Plaintiff has alleged a constitutional violation under § 1983 against both Defendants. To state a claim for relief under § 1983, a plaintiff must allege: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under the color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011).

Plaintiff alleges Defendant Perez used excessive force when he struck Plaintiff in the face, cracking three of Plaintiff's front teeth, in retaliation for filing grievances against another officer. (Compl. 4–5.) In assessing whether an Eighth Amendment excessive force violation has occurred, courts consider several factors including:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

3

*Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). Based upon the facts alleged in Plaintiff's Complaint, it appears that Defendant Perez's use of force was unjustified and inflicted only with intent to cause Plaintiff pain. Accordingly, Plaintiff has sufficiently alleged a § 1983 claim for excessive force.

As to Defendant Maines, Plaintiff alleges Defendant Maines retaliated against him for not signing a "prea protocol form."[2] (Compl. 14–16.) Plaintiff states that after he filed a PREA complaint, Defendant Maines visited him and attempted to have Plaintiff sign a "protocol form" stating he had not been retaliated against for filing his complaint. (*Id.* at 14.) When Plaintiff refused to sign the form, Defendant Maines became upset. (*Id.*) Plaintiff contends that the following day, "Defendant Maines had Plaintiff assaulted and a bogus charge placed on him." (*Id.* at 16.)

In order to state a claim for retaliation, a plaintiff must allege that: "(1) he engaged in constitutionally protected conduct, (2) he then suffered some adverse action caused by prison officials; and (3) a causal link existed between the protected conduct and the adverse action." *Obiegbu w. Werlinger*, 581 F. App'x 119, 122 (3d Cir. 2014) (citing *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)). "The requisite causal connection can be demonstrated by '(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link.'" *Id.* (quoting *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)). The filing of a grievance is considered a constitutionally protected activity. *See Watson v. Rozum*, 834

---

[2] Although Plaintiff does not state what "prea" stands for, the Court infers that Plaintiff is referencing the Prison Rape Elimination Act, commonly referred to as "PREA." *See* 34 U.S.C. § 30301, *et seq.*; *see also Armstrong v. Diraimo*, 781 F. App'x 61, 62 (3d Cir. 2019) (referring to the Prison Rape Elimination Act as PREA).

F.3d 417, 422–23 (3d Cir. 2016) (holding that filing a prison grievance is a constitutionally protected activity); *see also Singleton v. Shearer*, Civ. No. 17-1027, 2019 WL 3337060, at *5 (M.D. Pa. July 25, 2019) (finding that filing a PREA complaint is a constitutionally protected activity).

In this case, Plaintiff alleges that the day after he refused to sign the documents related to his PREA complaint, Defendant Maines had him assaulted and issued a "bogus" administrative charge. (Compl. 17.) Based upon these allegations, Plaintiff has sufficiently pled a § 1983 claim against Defendant Maines. Accordingly, the Court finds that the unchallenged facts against both Defendants constitute legitimate causes of action.

### B. Whether Plaintiff is Entitled to a Default Judgment

Next, the Court considers the following three factors to determine whether to grant a default judgment under Rule 55(b): "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Hill*, 69 F. App'x at 51. The Court will examine each in turn.

As to the first factor, "[w]hen a defendant fails to respond to a plaintiff's claims, the plaintiff will be prejudiced absent a default judgment because [the] plaintiff will be left with no other means to vindicate his or her claims." *United States v. Vo*, Civ. No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016); *see also Slaughter v. Moya*, Civ. No 17-6767, 2018 WL 3742622, at *3 (D.N.J. Aug. 7, 2018) ("[B]ecause Defendant has failed to appear, Plaintiffs suffer prejudice if they do not receive a default judgment because they have no other means of vindicating their claim.") Here, Defendants have not pled or otherwise defended themselves in any manner. Further, Defendant Perez was served with process on November 27, 2019 and Defendant Maines

was served with process on January 23, 2020. (Perez Executed Summons, ECF No. 18; Maines Executed Summons, ECF No. 22.) Both Defendants have had ample time to respond to Plaintiff's Complaint. Denial of default judgment will prejudice Plaintiff because he would be faced with an indefinite delay and no other means to vindicate his claims. Accordingly, the first factor weighs in favor of Plaintiff.

With respect to the second factor, the Court considers a defense meritorious when "allegations of [the] defendant's answer, if established on trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Here, Defendants have not filed an answer and the Court is therefore "unable to evaluate whether they [have] a litigable defense." *Hill*, 69 F. App'x at 52. Thus, the second factor is "inconclusive." *Id.*

As to the final factor, in the context of a default judgment, "culpable conduct means actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123–24 (3d Cir. 1983) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). Negligence is insufficient to sustain a default judgment. *Hill*, 69 F. App'x at 52. Here, Plaintiff alleges that Defendant Perez has been involved in this type of litigation before and, therefore, should be "well aware" that he is required to respond. (Perez Mot. 2.) Plaintiff similarly states that due to his position of authority, Defendant Maines is also "well aware" of how to contact the Attorney General's Office for representation and defend himself against this action. (Maines Mot. 3.) Plaintiff asserts that these facts are indicative of Defendants' culpable conduct. (*Id.*) Indeed, Defendants have failed to respond for a substantial period of time after service of process. However, despite Plaintiff's allegations that Defendants should know how to litigate this matter, there is "no reason to believe that the defendants acted willfully or in bad faith." *Hill*, 69 F. App'x

6

at 52. Moreover, "there is nothing in the record suggesting the defendants were more than negligent." *Id.* Accordingly, the Court finds that the third default judgment factor weighs in favor of Defendants.

Given the forgoing, the three factors appear on balance. Given the Third Circuit's preference for adjudication of cases on the merits, the Court denies without prejudice Plaintiff's Motions for Default Judgment at this time.

## IV.    CONCLUSION

For the reasons set forth above, the Court denies without prejudice Plaintiff's Motions for Default Judgment against Defendants Perez and Maines. (Perez Mot., ECF No. 23; Maines Mot., ECF No. 24.) An appropriate Order follows.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: 9/25/20